# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CANDY COLLINS,**

    Petitioner,

v.                                      Case No. 4:14cv459-MW/CAS

**J.V. FLOURNOY, Warden,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On August 26, 2014, Petitioner Candy Collins, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.   On February 23, 2015, Respondent filed an answer, with attachments.   ECF No. 17.   Petitioner has not filed a reply, though she was given the opportunity to do so.   See ECF No. 16; *see also* ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration,

Page **2** of **12**

the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Collins, an inmate at the Federal Correctional Institution (FCI) in Tallahassee, Florida, filed this § 2241 petition challenging the computation of her federal sentence. ECF No. 1. Collins is serving a 110-month prison sentence, to be followed by 4 years of supervised release, for conspiracy to manufacture more than 5 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), pursuant to her entry of a guilty plea in case number 2:11-CR-46-012, United States District Court for the Eastern District of Tennessee. ECF No. 17-2 at 25-26 (Ex. 6, Judgment in a Criminal Case). The federal judgment, imposed April 5, 2012, indicates that Collins' "sentence shall be served concurrently to the sentences imposed in case numbers CR01000519-00-CR01000519-17; CR03000343-00; CR03000566-00 and CR03000566-01 in the Circuit Court of Wythe County, Virginia." ECF No. 17-2 at 26.

Prior to her sentencing in the federal case, Collins was arrested, on

April 14, 2011, in Wythe County, Virginia, for violations of probation in four state cases: (1) CR03000343-01, (2) CR01000519-18, (3) CR03000566-02, and (4) CR02000121-05. ECF No. 17-2 at 6-12 (Ex. 2, Virginia Courts Case Information). In these state cases, Collins was sentenced to a 6-month prison term. ECF No. 17-2 at 17-19 (Ex. 3). Although the case numbers cited in the federal judgment differ from these four case numbers, it appears they are all related to the same state sentence, as the cases cited in the federal judgment are also cases for which Collins was serving a term of probation, which was revoked, and then she was ultimately sentenced to the 6-month term, which she evidently completed prior to her federal sentencing date. *See id*. at 15-19; *see also* ECF No. 17-2 at 22-23 (Ex. 4, Correspondence with Virginia Department of Corrections).

As indicated above, Collins filed this § 2241 petition on August 26, 2014. ECF No. 1. Collins raises one ground, asserting the Federal Bureau of Prisons (BOP) has not properly calculated her sentence:

> On April 15, 2011 thru June 7, 2011, I was serving a six month violation sentence in Wythe County, Virginia. The U.S. Marshals picked me up on a writ on June 7, 2011. At this time, I was placed in Federal Custody. On April 5, 2012, I was sentenced to 110 months to run concurrently with the State sentence in Wythe County, Virginia. The B.O.P. is not

honoring this order.

*Id*. at 6.  As supporting facts, Collins explains:

> On April 5, 2012, the U.S. District Court, Eastern Tennessee, Greenville Division sentenced me to 110 months to run concurrently with Wythe County, Virginia Circuit Court Case #s CR01000519 through CR01000519-17, CR0300034300, CR03000566-00, and CR300056601.   The County sentence was a 6 month term for Violation.

*Id*. at 7.  Collins indicates she presented this ground in all available appeals.  *Id*.

Respondent filed an answer, with attachments.  ECF No. 17. Respondent argues 18 U.S.C. § 3585(b) and BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), prohibit application of the requested jail credit because the time at issue was already applied toward Collins' state sentence.  *Id*. at 2-5.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  See United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the

Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to

matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Collins' § 2241 petition challenges the execution of her sentence, specifically the decision of the BOP denying her jail credit on her federal sentence for the time she spent in state custody. The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir.

1995). After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction. See Rodriguez, 60 F.3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" Id. (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'" Id. (quoting Chevron, 467 U.S. at 844).

Petitioner Collins is not entitled to relief in this case. A federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further,

> **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was

imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id.* § 3585(b).

Respondent attaches the Declaration of Dawn Giddings, Correctional Programs Specialist, Federal BOP, Designation and Sentence Computation Center, dated February 20, 2015. ECF No. 17-1. Giddings explains that she reviewed Collins' sentence computation and Collins "appears to allege that the BOP is not awarding her the appropriate amount of jail credit toward the service of her federal sentence, and that the BOP is not running her state and federal sentence concurrent as so directed by the federal sentencing court." *Id.* at 1-2. Giddings summarizes the results of her audit:

> 7. On April 14, 2011, Petitioner was arrested in Wythe County, Virginia for a violation of probation in Cases CR03000343-01, CR01000519-18, CR03000566-02, and CR02000121-05. (*See Virginia Courts Case Information Sheets*, attached hereto as Exhibit 2). On May 24, 2011, Petitioner's probation was revoked on all 4 cases. (*Id.*)
>
> 8. For the violations of probation in the above 4 cases,

Petitioner was sentenced to a 6-month term of imprisonment. (*See Clerk of the Circuit Court for Wythe County Information Sheets*, attached hereto as Exhibit 3).   The 6-month sentence was issued concurrently for all 4 cases.   (*Id.*).

9.   On June 25, 2014, my office contacted the Virginia Dept. of Corrections to obtain information about Petitioner's service of her state sentence for purposes of calculating whether Petitioner was entitled to jail credits.   (*See BOP Correspondence with Virginia Dept. of Corrections*, attached hereto as Exhibit 4).   The Virginia Dept. of Corrections indicated Petitioner completed her 6-month state sentence from April 10, 2011, to September 27, 2011.   (*Id.* at p.2).

10.   On June 7, 2011, Petitioner was brought into federal custody via federal writ of habeas corpus *ad prosequendum*. (*See U.S. Marshal's Prisoner Tracking Sheet, Section II*, attached hereto as Exhibit 5).

11.   On April 5, 2012, Prisoner was sentenced in the Eastern District of Tennessee to a 110-month term of imprisonment, for Conspiracy to Manufacture More than 5 Grams of Methamphetamine.   (*See Judgment in Criminal Case*, attached hereto as Exhibit 6).   The judgment in this case indicated the sentence would be served concurrently with cases CR01000519-00, CR01000519-17, CR03000343-00, CR03000566-00, and CR03000566-01 in the Circuit Court of Wythe County, Virginia.   (*Id.*).   However, by the time this federal judgment was issued, the 6-month sentence in the Wythe County cases had already expired.   (*See* Ex. 4).

12.   The BOP prepared a sentence computation for Petitioner based on her 110-month term of imprisonment, with a sentence commencement date of April 5, 2012 – the date she was sentenced by the U.S. District Court.   (*See* Ex. 1).

13.   The BOP awarded Petitioner jail credit from September 28, 2011, the day after her 6-month state sentence expired,

until April 5, 2012, the date she was sentenced in her federal case.  (*Id*.).   Petitioner was also given 1-day of credit for April 14, 2011, because after speaking with the Virginia Dept. of Corrections, they indicated Petitioner was in state custody on that day but she was not given credit for this day against her state sentence.

14.   Petitioner cannot be given the credit she seeks in her petition for her time spent in state custody from April 15, 2011, until June 7, 2011, because that period of time was credited against her 6-month state sentence.   (*See* Ex. 4).

15.   Petitioner cannot be credited for time spent in federal custody from June 7, 2011, until September 7, 2011, because she was in federal custody pursuant to a federal writ of habeas corpus *ad prosequendum* during this time-frame.   (*See* Ex. 5).

16.   While in the custody of the U.S. Marshal's on the federal writ, the Petitioner was borrowed for purposes of criminal prosecution and primary jurisdiction of the state of Virginia was not transferred.   (*See Program Statement 5880.28, p. 1-20B*, attached hereto as Exhibit 7).   Therefore, the period of time from June 7, 2011, to September 27, 2011, was properly credited towards the completion of Petitioner's 6-month state sentence and could not be credited against the service of her federal sentence.

17.   Petitioner has exhausted her available administrative remedies concerning the sentence computation issues alleged in her petition.   Her administrative remedies were denied at each level.   (*See Administrative Remedy Responses*, attached hereto as Exhibits 8-10).

18.   Inmate Collins' sentence has been computed correctly in accordance with federal statute and she has received all credits to which she is entitled.

*Id*. at 3-4.

Based on the foregoing, Collins began serving her federal sentence on April 5, 2012, after she completed her 6-month Virginia state sentence. *See* ECF No. 17-1 at 4. Further, as Giddings indicates, during the time period for which Collins seeks credit on her federal sentence, she was in the custody of state authorities, serving her state sentence, and 18 U.S.C. § 3585(b) and Program Statement 5880.28 preclude application of credit for time that has been credited against another sentence. *See id*. at 4-5 ; ECF No. 17-2 at 38. *See also* Butler v. Warden, FCC Coleman- Medium, 451 F. App'x 811 (11th Cir. 2011) (explaining that "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence"); Scruggs v. Adkinson, 423 F. App'x 858 (11th Cir. 2011) ("Because the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving a prior custody credit for time that has been credited against another sentence.").

Based on the foregoing, Petitioner Collins has not shown the BOP abused its discretion in computing her federal sentence and awarding jail

credit.   This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.